IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| SEAN D. RALSTON | § | |
| VS. | § | CIVIL ACTION NO. 9:18cv93 |
| MATTHEW SIMON | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Sean D. Ralston, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Matthew Simon, a correctional officer. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is an amended motion for judgment on the pleadings filed by the defendant (doc. no. 52).

Factual Allegations

Plaintiff alleges that on December 2, 2016, the defendant falsified government documents by filing a false disciplinary charge against him. He states the defendant filed the false charge in order to deprive him of a liberty interest in participating in the craft shop at the Eastham Unit. He states the defendant subsequently falsified additional documents and provided false testimony at his disciplinary hearing.

Plaintiff states that on December 5, as a result of the defendant's actions, he was told to "pack his stuff" and was removed from the craft shop. He was subsequently transferred from a dormitory living area to a cell block and was not able to participate as an active elder in the Messianic Congregation. Plaintiff states that at the Eastham Unit, an inmate cannot have a major disciplinary conviction if he wishes to participate in the craft shop or live in a dormitory living area.

Plaintiff further alleges that on December 14, a disciplinary hearing was conducted concerning the false disciplinary charge against him. He states the disciplinary hearing officer

ignored the evidence in his favor and found him guilty of stealing a radio and disobeying a direct order. Plaintiff states the appeals he filed concerning the conviction were improperly denied.

## Standard of Review

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009). Rule 12(b)(6) allows for the dismissal of a cause of action for failure to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

## Analysis

Plaintiff alleges the defendant filed a false disciplinary charge against him in order to deprive him of a liberty interest in participating in the craft shop. A prisoner has a liberty interest only in freedom from restraints that impose an atypical and significant hardship on the prisoner in relation to the ordinary incidents of prison life. As a general matter, a liberty interest will only exist if an action clearly impinges on the duration of an inmate's confinement. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995) (citing *Sandin v. Conner*, 515 U.S. 475 (1985)).

The suspension of craft shop privileges does not impose an atypical and significant deprivation on a prisoner such that he has a due process right to procedural safeguards. *Holloway v. Smith*, 253 F.3d 700 (5th Cir. 2001) (unpublished). As a result, depriving plaintiff of an opportunity to participate in the craft shop did not implicate a protected liberty interest.

Plaintiff's assertion that the defendant filed a false disciplinary charge against him is a claim for false prosecution. However, the Fifth Circuit has held that there is no "freestanding right to be free from malicious prosecution." *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003). Plaintiff therefore fails to state a claim upon which relief may be granted when he alleges the

defendant falsely charged him with a disciplinary infraction. *Palmisano v. Bureau of Prisons*, 258 F. App'x 646, 648 (5th Cir. 2007) (citing *Castellano*,. 352 F.3d at 953-54 (no constitutional claim based on tort of malicious prosecution)).

Plaintiff states that as a result of the allegedly false disciplinary charge and his disciplinary conviction, he was no longer able to participate as an active elder in the Messianic Congregation. However, plaintiff does not allege the defendant intended to deprive him of the chance to participate in the Congregation when he filed the disciplinary charge. Plaintiff states that his losing the chance to participate in the Congregation was the result of a unit policy applicable to inmates with a major disciplinary conviction. As plaintiff does not assert the defendant intended to interfere with his religious practice, his allegations regarding him not being able to participate in the Congregation fail to state a claim upon which relief may be granted.

## Recommendation

The motion for judgment on the pleadings should be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

SIGNED this 28th day of July, 2022.

_____
Zack Hawthorn
United States Magistrate Judge